**NECCHI, s. p. a., Plaintiff,**

v.

**Charlie FAY and Joe E. Fay, d/b/a Good Housekeeper Sewing Center, Defendants.**

**Civ. A. No. 64–C–42.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Sept. 29, 1965.

James A. Bargfrede, of Butler, Binion, Rice, Cook & Knapp, Houston, Tex., for plaintiff.

Marvin F. Foster, Jr., Corpus Christi, Tex., for defendants.

GRAVEN, District Judge.

1. The plaintiff, Necchi, s. p. a., is a corporation duly organized and existing under the laws of the nation of Italy and having its principal place of business in Pavia, Italy. The defendants, Charlie Fay and Joe E. Fay, are co-partners doing business under the partnership name of Good Housekeeper Sewing Center in Corpus Christi, Texas. They are citizens of the State of Texas. The amount in controversy, exclusive of interest and costs, is in excess of $10,000.00. The claim of the plaintiff is based upon trademark infringement, unfair competition and unjust enrichment. This Court has jurisdiction under the provisions of Sections 1332 and 1338, Title 28 U.S.C.A.

2. The plaintiff has been since 1921, among other activities, engaged in the manufacture and sale of sewing machines. It commenced the sale of them in the United States in 1947. On March 2, 1954, it registered in the United States Patent Office United States Trademark Registration No. 586,320 for the trademark "Necchi" and it has been at all times here pertinent and still is the owner of that trademark.

3. Commencing in 1947 and until December 31, 1963, the sole distributor of the plaintiff's sewing machines in the United States was a corporation known as the Necchi Sewing Machine Sales Corporation. That corporation was under the control of Leon Jolson. At the time of their manufacture in Italy, the plaintiff caused its trademark "Necchi" to be placed upon them. After the plaintiff entered the United States market it advertised its sewing machines by the trademark and trade name of "Necchi" by television, radio, and in magazines and newspapers. The Necchi Sewing Machine Sales Corporation and its distributors also advertised the Necchi machines. The Necchi machines met with widespread favorable response. During the period from 1957 to December 1963

between 700,000 and 800,000 machines were sold in the United States.

4. The plaintiff's machines did not have what is referred to as a free arm motor. There were sewing machine customers who preferred a sewing machine with such a motor. Leon Jolson was connected with a company known as the Elna Company which did manufacture a sewing machine with such a motor known as the Elna machine. The plaintiff gave its consent for Leon Jolson and the companies with which he was associated to also distribute Elna machines which he and they proceeded to do. The dealers and distributors through whom Leon Jolson distributed Necchi and Elna machines frequently were styled and designated as Necchi-Elna dealers and franchises were granted to them as Necchi-Elna dealers. That feature did not seem to give rise to any particular problems to the plaintiff.

5. The Necchi machines were high quality machines which were comparatively high priced. They enjoyed a nationwide favorable reputation. Some years after Necchi had been selling its machines in the United States, those machines became under increasingly severe competition from sewing machines made in Japan which were comparatively low-priced as compared to both the Necchi machines and the Elna machines. In the early part of 1963 Leon Jolson caused to be formed a company known as the Nelco Sewing Machine Company for the purpose of distributing the lower-priced Japanese machines. He then proceeded to distribute Japanese made machines. The Japanese machines were known as Nelco and Jolson machines. He proceeded to distribute those machines through the Necchi distributors. An advertisement of the Nelco Sewing Machine Company after it had commenced the distribution of the Japanese made machines advertised the sales price of a Necchi machine at $149.95, the Jolson machine at $89.95, and the Nelco machine at $49.95.

6. The defendants Charlie Fay and Joe E. Fay in 1955, as co-partners, commenced doing business as a sewing machine retail dealer in Corpus Christi, Texas, under the name of Good Housekeeper Sewing Center. Commencing in 1957 it commenced the sale of Necchi machines. It received annually so-called Franchise Certificates. In each of the earlier Certificates the Certificate was designated as a "Necchi Franchise Certificate" and was executed by the Necchi Sewing Machine Sales Corporation. Starting in 1962 the designation was that of "Necchi-Elna Franchise Certificate" and was executed by the Necchi Sewing Machine Sales Corporation and the Elna Sewing Machine Company, Incorporated. For a period of time the furnishing of Necchi machines to the Good Housekeeper Sewing Center was handled by a distributor in Houston, Texas, which was represented by William Rogers.

7. Early in 1963 the Jolson organizations commenced widespread distribution of the Nelco and Jolson machines through its Necchi distributor outlets. Thereafter the use of certain decals became widespread among sewing machine retailers and other distributors in Texas. That decal was circular in form and gold and black in color. It was in substantially the following form:

The name "Necchi" appeared in black capital letters against a gold background in the center of the decal. The decal had material on the back so that it could be attached to and held on a sewing machine.

The Good Housekeeper Sewing Center commenced ordering Nelco machines through William Rogers. At one of his calls at that Center William Rogers had with him a supply of those decals. He placed them on all the Elna and Nelco

sewing machines which the Center then had on hand. William Rogers also sold the Center a supply of those decals. The Center later resold part of them to another sewing machine distributor.

8. It is clear that what was taking place was that by means of the misuse of decals a number of Texas sewing machine retailers and distributors were essaying to sell the low-priced Japanese made machines by causing them to be associated with the widely known, high quality, and excellent reputation of the Necchi machines.

9. In the case of the defendants in the present action, their objective is substantiated by a certain happening. The plaintiff, having become suspicious that a number of distributors were improperly making use of the Necchi name and trademark, arranged for an attorney from Houston to come to the defendants' place of business at Corpus Christi. That attorney, accompanied by his wife, on October 26, 1963, came to the defendants' place of business at Corpus Christi. He was waited on by the defendant, Charlie Fay. The attorney made known to that defendant that he wanted to purchase a portable sewing machine. He was shown a Nelco machine. The attorney then called Mr. Fay's attention to a metal tag on the machine containing the words "made in Japan." Mr. Fay then stated, in substance, that it was made by Necchi in Japan. The attorney then purchased the machine. He requested and was given a sales receipt which in handwriting recited that the machine which was being purchased was a "Necchi—HA3" sewing machine.

10. The use of the decals referred to on the sewing machines not made by the plaintiff would be likely to cause potential purchasers of sewing machines to believe that Necchi was in some way connected with or related to the manufacture or sale of such machines and thus deceive, mislead and confuse such purchasers. The defendants herein went further. They expressly represented that a Nelco machine was a machine made by the plaintiff. The decals referred to were a colorable imitation of the plaintiff's trademark.

11. The defendants, by their conduct, have infringed the trademark of the plaintiff. The defendants, by their conduct, have been guilty of unfair competition as to the plaintiff. The defendants, by their conduct, have unjustly enriched themselves by trading upon and appropriating the plaintiff's good will and reputation as to its sewing machines. The injury to the plaintiff's trademark and its good will and reputation as to its sewing machines is irreparable in character.

The foregoing constitute the Findings of Fact herein. The following constitute the Conclusions of Law herein.

1. That this Court has jurisdiction of the subject matter of this action and the parties thereto.

2. That the defendants be permanently enjoined from using the plaintiff's trademark "Necchi," United States Trademark No. 586,320, in any manner likely to cause confusion or mistake or deception of purchasers.

3. That the defendants be permanently enjoined from selling or offering for sale any sewing machine not manufactured by the plaintiff upon the representation or representations that such machine is one manufactured by the plaintiff.

4. That the taxable costs of this action shall be taxed against the defendants.

5. That the case is not one in which an allowance of attorney's fees should be made.

6. That the other relief requested by the plaintiff is denied.

It is hereby ordered that Judgment be entered in accordance with the foregoing Findings of Fact and Conclusions of Law.

It is further ordered that the foregoing shall constitute the Findings of Fact, Conclusions of Law and Order for Judgment herein.